UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1777

DAVID C. ANDERSON; SAMUEL PULLEN, on behalf of themselves
and all others similarly situated,

Plaintiffs - Appellants,

v.

SARA LEE CORPORATION,

Defendant - Appellee,

and

DOES 1-100, Inclusive,

Defendant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Malcolm J. Howard,
Senior District Judge.  (4:03-cv-00031-H)

Argued:  May 11, 2010                    Decided:  June 15, 2010

Before TRAXLER, Chief Judge, and NIEMEYER and AGEE, Circuit
Judges.

Vacated and remanded with instructions by unpublished opinion.
Judge Niemeyer wrote the opinion, in which Chief Judge Traxler
and Judge Agee joined.

**ARGUED**:  Alvin Leonard Pittman, Los Angeles, California, for
Appellants.  Alfred Burgess Robinson, Jr., OGLETREE, DEAKINS,

NASH, SMOAK & STEWART, PC, Washington, D.C., for Appellee. **ON BRIEF**:  W. R. Loftis, Jr., Robin E. Shea, CONSTANGY, BROOKS & SMITH, LLC, Winston-Salem, North Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

In Anderson v. Sara Lee Corp., 508 F.3d 181, 195 (4th Cir. 2007), we vacated that portion of the district court's judgment which dismissed with prejudice plaintiffs' fraud claim and which granted Sara Lee summary judgment on breach of contract and negligence claims, and we remanded those claims "for dismissal without prejudice as preempted by the FLSA." (Emphasis added). We explained, "This will give the Class Members an opportunity to pursue any FLSA claims they may possess." Id. Our mandate thus remanded those claims "with instructions to dismiss without prejudice those three claims as preempted by the FLSA." Id.

On remand, the district court entered an order precisely as we instructed. Having dismissed those claims, the court then dismissed as moot plaintiffs' motion to file an amended complaint to assert FLSA claims on the ground that such a disposition was required by our mandate to dismiss the claims.

Plaintiffs now claim in this second appeal that the district court abused its discretion, especially because the dismissal order on remand would require them to file a new action that might well be barred by the applicable statute of limitations. Sara Lee moved to dismiss this second appeal, arguing that the district court's dismissal without prejudice was not a final judgment under Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993)

3

(holding that a plaintiff may not appeal an order dismissing a complaint without prejudice on a ground that could be cured by amendment of the complaint).  Of course, if Sara Lee is correct, the district court's order was interlocutory, leaving open the possibility of further proceedings.

The source of the problems presented in this case lies in the lack of clarity of our earlier mandate, which was intended to imply that the vacated claims be dismissed without prejudice and with leave to allow the plaintiffs to file an amended complaint that would purport to state claims under the FLSA. Accordingly, we now vacate the district court's judgment and remand the three claims for breach of contract, negligence, and fraud with instructions to dismiss those claims without prejudice and with leave to file an amended complaint within a reasonable time to assert any claims that plaintiffs may possess under the FLSA.

VACATED AND REMANDED WITH INSTRUCTIONS